McKowen vs. Kernan.

## No. 8837.

## W. R. McKOWEN, TUTOR, VS. W. F. KERNAN.

An attorney-at-law employed to institute a suit for the revival of a judgment is not bound to cause the judicial mortgage to be reinscribed, unless he has contracted or been requested to do so, and is not liable in such case for damage or loss resulting from its peremption.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. *Sherburn*, J., acting in place of *Kernan*, J., recused.

*Stone & Brame* for Plaintiff and Appellant.

*J. G. Kilbourne, Wedge & Moore* and *J. F. Kernan* for Defendant and Appellee :

1. A sale clothed with judicial sanction cannot be attacked or inquired into collaterally. 19 An. 353 ; 23 An. 469 ; 28 An. 639 ; 29 An. 698.
2. The purchaser at a probate sale is protected by the order of court. 6 R. 471 ; 1 An. 29 ; 22 An. 175 ; 25 An. 55 ; 28 An. 755.
3. Actions of nullity and rescission of probate sales are prescribed by five years. R. C. C. 3543 ; 34 An. Suc. of Quinn ; 33 An. 1043 ; 29 An. 536 ; 22 An. 492 ; 14 An. 597 ; R. S. 2809.
4. A suit, where plaintiff is non-suited, on motion of his counsel, does not interrupt prescription, even though it appear of record that the discontinuance was made, not with the intention of abandoning the claim, but of renewing it under more favorable circumstances. R. C. C. 3519 ; 9 An. 464.
5. Redress in damages for negligence and want of skill must be limited to the loss actually sustained ; the negligence and want of skill must be conclusively shown. 17 L. 571 ; 16 An. 121 ; 24 An. 12.
6. Payment by the judgment debtor to the judgment creditor, or offsets acquired by him. previous to any notice of transfer, discharge said debtor of the debt. R. C. C. 2644 ; 6 N. S. 297 ; 3 An. 220 ; 12 R. 8.
7. Inscriptions of mortgages are erased by the consent of the parties interested and having capacity for that purpose, this consent to be evidenced by a release or by a receipt given on the records of the court rendering the judgment, on which the mortgage is founded. R. C. C. 3371 ; 24 An. 464.
8. The withdrawal of a suit from the control of an attorney, before its completion, and the resumption of the control thereof by his client, either through himself or other counsel, releases the attorney from any liability for the result thereof. 33 An. 243, Charles E. Alter vs. Horner & Benedict.
9. An attorney is not liable for an error of judgment in a matter admitting the exercise of his discretion. 9 M. 372.
10. This is an action for damages arising from an alleged quasi-offense and is prescribed by one year. (R. C. C. 3536 ) And the date from which this prescription begins to run is the date at which the alleged omission occurred.
11. An attorney's duty does not extend to the execution or preservation of judgments, in the absence of a special contract to that effect. 8 N. S. 234 ; 11 An. 30 ; 14 An. 137.

The opinion of the Court was delivered by

TODD, J. This is a suit to recover of the defendant three thousand dollars, the amount of loss alleged to have occurred through the neglect of the defendant, an attorney-at-law, to reinscribe a judicial mortgage, resulting from the recordation of a judgment which the·

defendant was employed to have revived, and which mortgage pe-
rempted after the institution of the suit to revive.

The material facts pertaining to the controversy are these:

The judgment referred to was rendered in the suit of the Executors
of Wm. Silliman vs. Clinton and Port Hudson Railroad Company, No.
1892 on the docket of the District Court of East Feliciana, and rendered
on the 8th of June, 1869, and recorded on the 11th of the same month
and year. It was for $10,000 and interest. It will be referred to
hereafter by its number for convenience.

This judgment was sold at succession sale after the death of Silli-
man and purchased by Mrs. M. A. Silliman, surviving widow of the
deceased, on the 27th of July, 1871, for $6,500.

It was afterwards sold by Mrs. Silliman to A. G. Payne, but at what
time and for what price the record does not show. Ths sale to Payne
is disputed, but is made reasonably certain by the fact that it was
inventoried after Payne's death among the assets of his estate, and by
the admission that an amount figuring upon the account of the execu-
tor of his estate, as paid by him to Mrs. Silliman, was a balance owing
on account of the purchase of this judgment by Payne, and the further
fact that it purports to have been sold as belonging to Payne's succes-
sion, and repurchased by Mrs. Silliman.

This reacquisition of the judgment by Mrs. Silliman took place on
the 23d of December, 1874, the date of the probate sale of Payne's
succession, and the price paid was $7,000.

On the 11th of April, 1876, Mrs. Silliman accepted mortgage bonds
of the railroad company, the judgment debtor, in settlement of the
judgment, and authorized its satisfaction to be entered, and the mort-
gage resulting from its registry to be cancelled, which were accordingly
done on the 20th of January, 1877.

On the 4th of June, 1879, suit was instituted by W. R. McKowen, as
tutor of the minor children of A. G. Payne, to annul the sale of this
judgment to Mrs. Silliman, for causes unnecessary here to specify, and
to erase the entry of its satisfaction and the cancellation of the mort-
gage, and at the same time to have the judgment revived.

A tender of the $7,000 paid by Mrs. Silliman for the judgment was
made at the same time. The petition in the case was signed by W. F.
Kernan, (the defendant in the case at bar) T. B. Lyons and T. J.
Kernan as the attorneys of said McKowen, tutor. This suit will be
designated by its number in the docket, 2501, for convenience.

On the 11th of the same month and year, seven days after the filing
of this suit, the ten years expired from the date of the inscription of
the judgment in the mortgage office.

On the 17th of June, 1880, the plaintiff, W. R. McKowen, tutor, exe-·cuted and signed the following receipt:

" Rec'd from Pipes & Lyons their due bill for $2,500 and 8 per cent. interest from date, in full for all demands in suit of W. R. McKowen, Tutor, vs. Mrs. M. A. Silliman."·

The case referred to in the receipt being the suit 2501 above mentioned to annul the sale of the judgment and procure its revival.

The Lyons named in the receipt was one of the attorneys of McKowen, tutor in the said suit; and Pipes & Lyons were then the owners of the Clinton and Port Hudson Railroad, which had been sold at sheriff's sale under a judgment in favor of Geo. C. Comstock. Comstock was the purchaser at the sale, and subsequently sold the road to Pipes & Lyons. Pipes & Lyons had, also, then become owners of the mortgage bonds taken by Mrs. Silliman in settlement of this judgment 1892, and to which this controversy relates, and were under obligation to Mrs. Silliman to indemnify her against suit 2501. By these transactions they had become virtually the defendants, or the real parties in interest in that suit.

On the 16th of June, 1881, this suit 2501 was dismissed by McKowen through an attorney employed by him—the defendant Kernan having been discharged and Lyons having withdrawn therefrom by reason of conflicting interest.

The present suit against the defendant Kernan to render him liable for alleged negligence, as above recited, was instituted on the 4th of September, 1880, before the other suit 2501 about which the negligence is charged was dismissed.

The defendant first excepted, alleging no cause of action, which was overruled. He then answered by a general denial and also set up substantially the following special defenses:

That a compromise had been made by plaintiff with Pipes & Lyons of the suit No. 2501, and that suit subsequently dismissed, which acts on plaintiff's part precluded any action against him for the causes alleged. He denied that plaintiff had suffered any damage, and averred that Mrs. Silliman was responsible to him, if there was any liability on the part of anyone. He denied also that there was any contract with plaintiff by which he was to have the judgment reinscribed, or that any such duty devolved upon him as an attorney-at-law.

There was a jury trial on the case and a verdict in favor of the defendant; and from the judgment thereon the plaintiff has appealed.

In order that plaintiff should recover in this case he must show a loss and damage to himself, and must further show that this loss or

damage was caused by some act of the defendant, or resulted from some fault, omission or negligence on his part.

To arrive at any conclusion on these points, we should view the situation of matters relating to this controversy at the time the professional services of the defendant were engaged and the circumstances existing at the time suit No. 2501, referred to, was instituted.

At that time, plaintiff, or the minors he represented, were not the acknowledged owners of the judgment and mortgage it was desired to enforce through the services of the defendant.   In fact, there was no title to the judgment in them or in their father, from whom they derived their claim of record, and never had been, so far as the evidence shows.    On the contrary, that judgment, admitting the title of A. G. Payne thereto—and we think he once owned it—had been sold at a judicial sale.   This sale, on the face of it, appears regular in form, and purports to have been made under the order of a competent court, rendered upon the petition of the legal representative of Payne's succession, setting forth the adequate cause therefor, and who returned into court a formal *proces verbal* of the sale under the order.

We further find that under the authority and direction, and by the act of the purchaser of this judgment at such sale, and the acknowledged owner of it and of the mortgage resulting from its registry, at that time, satisfaction of the judgment had been formally entered and the mortgage duly cancelled on the records.    That this was done by virtue of a *bona fide* settlement made between the ostensible owner of the judgment and the judgment debtor, and for a valuable consideration.   In short, according to the records, there was no judgment to revive and no mortgage to reinscribe.

Under this condition of things, the suit 2501 was instituted for the declared object of annulling the probate sale of the judgment erasing the entry of its satisfaction and the entry of the cancellation of the judicial mortgage resulting from it from the records, and reinstating the succcession of Payne or his minor heirs in the ownership of the same, and at the same time reviving the judgment which was about to prescribe.

This suit was never prosecuted to a judgment, but was dismissed by plaintiff's order and direction.    This dismissal took place after what we regard as a settlement or compromise of it, made between the plaintiff and Pipes & Lyons, who, as before stated, occupied the position of the defendants in that suit, from their purchase of the railroad and of the mortgage bonds received by Mrs. Silliman, in satisfaction of the judgment and their obligation of indemnity to her, as previously stated.

What but a compromise or settlement can we infer from the language

McKowen vs. Kernan.

of the receipt signed at the time by plaintiff? It states explicitly the payment mentioned therein is "in full of all demands in the suit," referring to suit 2501. The only demands in that suit were the nullity of the sale of the judgment 1892 and its revival. That such was the intent and meaning of the receipt is opposed by the testimony of the plaintiff, but is corroborated by the testimony of T. B. Lyons, who wrote the receipt. Such corroboration was unnecessary, as the document speaks for itself.

If this was a settlement of all demands in that suit, both against the judgment debtor and the opposing claimant of the judgment, it is difficult to perceive where or how any cause of action or ground of complaint was left against the defendant or anyone else for failure to reinscribe the judgment or judicial mortgage.

There is, however, another and last defense urged against the demand made in this suit, which, in our opinion, should and must prevail, and that is, that there was no special contract or agreement between the plaintiff and defendant, that he, defendant, should have the judicial mortgage reinscribed, and there was no obligation or duty resulting from his employment as attorney in the suit to do so.

The evidence satisfies us that there was no such special engagement about the reinscription of the judgment, and not even a request from the plaintiff to the defendant to do so. From his employment in the suit mentioned, it was obligatory on the defendant to prosecute the same to the best of his ability, and there is no complaint that he did not do so. The reinscription of the mortgage formed no part of the demand in the suit, but was an act outside of it, to be performed by the recorder upon a simple request, requiring no professional knowledge or skill to make it. The plaintiff lived in the parish; as tutor of the minor claiming the judgment, he knew or should have known the precise situation of affairs, and was bound to do and perform whatever was necessary, with respect to this judgment, to protect the rights of his wards therein. Defendant was under no obligation to attend to the reinscribing for him in the absence of any request to do so; it was no part of the attorney's duty. We think the case is with the defendant on both points mentioned, and that the verdict in his favor and judgment thereon are correct.

It is, therefore, ordered, adjudged and decreed, that the same be affirmed with costs.

---

### CONCURRING OPINION.

BERMUDEZ, C. J. It does not appertain to the functions and duties of an attorney-at law employed to revive a judgment, to give his personal attention and care to the reinscription of the judgment to be re-

vived. In the absence of a special contract clearly shown in such a case, which is more an act of ordinary agency or administration, which is not shown in this case, the attorney cannot be held liable for damages, if any were sustained.

For that reason I concur in the decree.

MANNING, J. I place my concurrence on the ground stated by the Chief Justice.